JOHN E. NEWMAN v. NATHANIEL WICKLIFFE, EXOR., &c.

APPEAL FROM NELSON CIRCUIT COURT.

January 9, 1872.

RESPONSE TO PETITION FOR REHEARING BY JUDGE PRYOR:

The record in the case of Newman vs. Wickliffe Executor was carefully considered by this court, and we are now unable to perceive what the original suit of Wickliffe Exor. vs. Grigsby has to do with the present controversy except for the purpose of showing that in the last named suit the rule against Newman to pay the money into court was issued. The appellees on the

trial of this case offered to read parts of the record in the case of Wickliffe Exor. vs. Grigsby, and the appellant Newman objected, and the parties agreeing *"that the question before the court was not to determine to whom the money in controversy would ultimately belong, the court sustained the objection."*

Grigsby, as receiver took possession of this money and failed to account for it when ordered by the court to pay it over, the appellant Newman was his surety, and this court after considering fully the grounds relied on for a rehearing must overrule the petition. The statute of limitation is no bar to the proceeding for the reasons set forth in the opinion delivered. The appellant by the judgment of the court is required to pay the money over to the commissioner Linthicun in order that he may pay it out to the parties entitled. If Wickliffe is dead, it cannot effect the rights of the appellant; all he is required to do is to pay the money into court, or to the commissioner as directed by the judgment. The parties who are litigating in regard to this money are making no complaint, and if they were the judgment is right and proper.

*Newman, James, for appellant.*
*Muir & Wickliffe, for appellees.*